## MINOR & SMITH v STATE

Ohio Appeals, 2nd Dist, Clark Co
No 280.  Decided July 9, 1930

Sully Jaymes, Springfield, for Minor & Smith.

O. L. McKinney, Prosecuting Attorney, Springfield, for State.

ALLREAD, J.

In this Court the following errors are claimed,

(1)   As to the refusal of the trial court to grant the defendants a separate trial,

(2)   As to the refusal of the trial court to compel the separation of the state's witnesses,

(3)   Misconduct of the prosecuting attorney in his questions to witnesses and in his argument to the jury.

(4)   Error of the trial court in refusing to permit all the evidence offered by plaintiff to establish entrapment.

(5)   In refusing to allow the defendant's attorney to cross examine Officers Shuman and Weinbrecht as to their connection with the alleged entrapment.

(6)   In refusing to permit counsel to examine Calabreese as to his connections with Smith in respect to previous liquor transactions.

(7)   As to the overruling of the motion for a directed verdict.

(8)   and (9)  As to the special charges given before argument especially those in relation to the alleged entrapment.

(10)   The General Charge to the jury, and                                    . . . .

(11)   Other objections.

There are additional grounds set forth in other assignments of error.  In respect to the first charge of error we are clear that the statutes as they existed at the time of this offense gave the trial court the discretion in respect to separate trials.  We find that under the evidence here the discretion of the trial court was not abused in requiring all the defendants to be tried together.  In respect to the order of the trial court for a separation of witnesses, the trial court allowed the state to have present during the trial one witness for conferences. We think this was entirely within the range of the trial court's discretion and is permissible.  It is said in argument that even if Weinbrecht had been allowed by the trial court to remain in court for the purpose of advising with the prosecuting attorney he should have been first examined.  There is some merit in this claim but we think the question is not raised in the record.  After the trial court had reserved to the prosecuting attorney the right to retain Weinbrecht there was no request made for an immediate examination.  We think there was no error in the action of the prosecuting attorney as suggested by counsel for the plaintiff in error.  The main question in the case is in respect to the evidence as to entrapment.  We have carefully read the record as to this evidence.  The law upon this subject was laid down by this court in the case of **Deigle vs. The State, 14 C. C. (NS) 289,** and has been in all substantial respects, followed by Judge Hough in his chrage to the jury in the Buckley case.  We think the trial court in the evidence as to entrapment followed this rule. In the special charges the trial court gave two charges which covered the subject of entrapment.  There were other specific charges given but we think that none of those changed the rule as stated.  The evidence of the state failed to prove the case of entrapment and we think the evidence of the defendants in the court below, by the most favorable construction, may have raised the right to have the evidence as to an entrapment to be submitted to the jury but much of the defendant's testimony relied upon for that subject did not support this defense. The evidence of the two plaintiffs in error is that they undertook to accept the delivery of this liquor at the residence on South Lowry Avenue without any notice or knowledge of the action of the police officers in respect thereto.  The most that we think can be claimed of the police

officers in respect to entrapment is that having received information of this proposed delivery of intoxicating liquors that they secreted themselves in a favorable place and arrested the parties after the delivery was complete. At least the jury may have found this to be the fact on the subject of entrapment. We have considered all the assignments of error.

We have carefully examined the other points made and reached the conclusion that there was no prejudicial error and that the judgment of the court of common pleas should be affirmed.

Kunkle, PJ, and Hornbeck, J, concur.